UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-21967-CIV-SEITZ/SIMONTON

MARIE CLAUDE-MORENCY,

    Plaintiff,
    v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

THIS MATTER came before the Court upon Defendant's Motion for Sanctions Against Plaintiff's Counsel. [DE 10]. Defendant alleges that Plaintiff's counsel's conduct in this Title VII pregnancy discrimination action warrants sanctions under both Rule 11, Fed. R. Civ. P., and 28 U.S.C. §1927. Having considered Plaintiff's opposition [DE 23, 24, 55], Defendant's Reply [DE 32], and the record evidence, sanctions will not be imposed. The conduct of Defendant's and Plaintiff's lead counsel relating to this motion provides an opportunity, however, to remind counsel of their responsibilities as officers of the court to constantly assess whether their own conduct is consistent with the highest ideals of professionalism.

### A. *Factual Background*[1]

On February 11, 2013, lead Defense Counsel moved for sanctions against Plaintiff's counsel under two provisions, Rule 11 and 28 U.S.C. §1927. Defendant argued sanctions under Rule 11 were appropriate because Plaintiff's counsel continued to litigate the case after discovery established that Plaintiff could not prevail, and under §1927 because, Plaintiff's counsel's decision to continue litigation after being notified of Defendant's intent to move for sanctions constituted bad faith. At the time the Defendant filed the motion the discovery cutoff was April 22, 2013. Because the sanctions motion went to the merits of the case, which are normally considered on summary judgment, the Court required the

---

[1] The underlying factual background is set forth in the contemporaneously issued order granting Defendant's motion for summary judgment. Only the facts relevant to resolving the sanctions motion are set out here.

1

Defendant to elect whether the motion was to be treated as one for summary judgment. On March 5, 2013, Defendant elected to treat it as a motion for summary judgment but did not supplement its filing with a Statement of Material Facts Not in Dispute.[2] During this time, Plaintiff's counsel took the deposition of Plaintiff's Department Supervisor, Jose Santa, and the Department scheduler, Maria Garcia on February 23, 2011 and March 27, 2011 respectively.

### B. *Sanctions Under Rule 11*

Rule 11 sanctions are properly imposed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray,* 267 F.3d 1298, 1301 (11th Cir. 2001) (citing *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996)). The sanctions motion was filed on February 11, 2013, ten weeks before the discovery deadline. Contrary to Defendant's position, at the time Defendant filed the motion, it could not have been evident that Plaintiff could not prevail until after the depositions of Jose Santa and Maria Garcia, which occurred on February 23, 2011 and March 27, 2011 respectively. After deposing Santa and Garcia the only thing Plaintiff's counsel did in furtherance of litigation was to correspond with Defense Counsel in an attempt to convince Defendant to withdraw its motion and then to file Plaintiff's opposition to the pending sanctions motion which in the intervening time, Defendant had designated as also seeking summary judgment. Under the circumstances, Rule 11 sanctions are not warranted.

### B. *Sanctions Under 28 U.S.C. §1927*

Sanctions are only warranted under 28 U.S.C. §1927 where the attorney's conduct is tantamount to bad faith. *Norelus v. Denny's Inc.,* 628 F.3d 1270 (11th Cir. 2010). Defendant argues that after it gave Plaintiff notice of its intent to file the instant motion, Plaintiff's continued litigation of the matter amounted to bad faith. First, Defendant alleges that Plaintiff acted improperly by deposing Jose Santa

---

[2] The filing of the required statement would have assisted the Court as the initial motion did not provide sufficient facts to determine that there was no dispute that Plaintiff would not prevail.

and Maria Garcia. Taking these depositions was appropriate given that Plaintiff's allegations of discriminatory conduct included drastic cut in her work shifts, in which Garcia, the unit's scheduler, was involved, and her inadvertent termination, which was the result of Santa's emailing HR about Plaintiff's non-compliance with the per-diem policy.

Defendant has also alleged bad faith with respect to the substance of Plaintiff's opposition papers. Specifically, Defendant claims, *inter alia*, that counsel distorted the record insofar as he argued in Plaintiff's opposition brief that Santa deliberately acted with discriminatory animus, filed an affidavit containing contradictory facts for the purpose of avoiding summary judgment, and failed to disclose material information to the Court within Plaintiff's Statement of Material Fact.

Though Plaintiff's counsel's argument on Santa's motives disappointingly makes inferential leaps, counsel did not cross the line of violating his duty of candor, though he did not seize the opportunity to be more forthright as the Court would have expected. Defendant also attacks Plaintiff's counsel for having filed an affidavit on his client's behalf with the Plaintiff's opposition that "grossly contradict[ed] the record in an effort to avoid summary judgment at all costs." [Defendant's Reply, DE 32, p. 15]. The affidavit was not an outright sham insofar as its contents did not inexplicably contradict earlier testimony. *See T. Junkins and Assoc. v. U.S. Indus.*, 736 F.2d 656, 657 (11th Cir. 1984). As such, counsel's conduct does not warrant sanctions under 28 U.S.C. §1927. However, the affidavit does assert a fact that contradicts well-developed record evidence – that per diem employees were guaranteed two shifts a week.[3] While on balance, Plaintiff's counsel seriously failed in his responsibility as an officer of the court, and failed to exercise independent judgment devoid of emotion, the filing of this affidavit into the record was more likely the result of counsel's lack of thoroughness rather than bad faith. While Plaintiff's counsel's conduct fell below the standard his own professional pride should dictate, the Court cannot find it to be objectively reckless or otherwise the product of bad faith. As such, sanctions will not be imposed under §1927.

---

[3] *See* FN 3 of the contemporaneously entered Order Granting Defendant's Motion for Summary Judgment. The alleged guarantee of hours was not considered in adjudicating the summary judgment motion.

3

Finally, Plaintiff's counsel is reminded that as an officer of the court he has a professional and moral obligation to be forthright and thorough in all of his representations. In Plaintiff's Statement of Material Fact, Plaintiff claimed that Defendant sent an email regarding the imposition of work restrictions and that the email was false insofar as that at the time Plaintiff's physician had cleared her to work. [DE 26, ¶ 8]. Counsel omitted from the factual recitation that Plaintiff's physician had imposed a lifting restriction on Plaintiff the day before the email was sent. [DE 33-2]. The restriction was brought to the Court's attention for the first time in Defendant's Reply, though Plaintiff had apparently given a copy of the document to Defendant in discovery. [DE 32, p. 1]. Counsel should be well-aware that his signature on a pleading is his guarantee that he has acted with diligence and that he is speaking with candor. The Court is troubled by the litany of counsel's shortcomings in professionalism with respect to the litigation of the motion for sanctions. Counsel is advised that similar conduct may not be treated so leniently in the future.

### C. *Defense Counsel's Conduct as an Officer of the Court*

Lead Defense Counsel's conduct requires comment. The filing of a motion for sanctions on grounds that Plaintiff's claim was meritless before Plaintiff had undertaken the deposition of important witnesses has the appearance, if nothing else, that Defense Counsel used a sanctions motion for strategic reasons rather than to safeguard standards of professionalism. By virtue of his Board Certification, Defendant's lead counsel is one of The Florida Bar's preeminent practitioners of Labor and Employment Law. That fact renders the appearance of the misuse of a sanctions motion even more troubling. Board Certified attorneys are peer reviewed and as such, counsel's peers have vouched for his professionalism. By filing a questionable sanctions motion, counsel has not only disappointed the Court, he has not lived up to the expectations of his peers.

Moreover, given his considerable years of experience, counsel for Defendant should know that though the intent behind filing the motion may not have been to "personal[ly] attack" [DE 33-16, ¶ 1] opposing counsel, an allegation of bad faith is inherently personal. Defense Counsel is well aware that sanctions motions must only be filed when the cause is just, the facts certain, and after a thorough

4

reflection on the situation from opposing counsel's perspective; and even then, only as a last resort. The Court's expectation is that attorneys of counsel's stature will take an active role in mentoring younger members of The Bar, and will, at all times, remember their obligation to lead by example. Counsel's failure to lead, in part, resulted in this needless, time-consuming litigation. Seasoned practitioners, by virtue of their experience know in cases involving emotionally-charged situations – as all employment discrimination cases are – the true art of lawyering is often in the de-escalation of emotion. Wise and experienced counsel who rise to meet this challenge can be invaluable to the Court, and, are relied upon to assist in achieving a just and efficient result as is required by Fed. R. Civ. P. 1. Here, the advocacy on both sides suffered because both counsel compromised their duty of professionalism. It is especially regrettable in Defense Counsel's case, because, by not showing restraint and better judgment, he missed an important opportunity to lead by example.

### IV. CONCLUSION

The Motion for Sanctions is without merit and is therefore denied. In the future the Court expects counsel to conduct themselves consistent with the highest ideals of professionalism which did not happen in regards to this motion. Therefore, it is

ORDERED THAT

(1) Defendant's Motion for Sanctions [DE 10] is DENIED.

(2) The CASE IS CLOSED.

(3) All pending motions not otherwise ruled on are DENIED AS MOOT.

DONE AND ORDERED in Miami, Florida, this 23rd day of September, 2013.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
All Counsel of Record